IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LARRY MATTOCKS and ROXANNE MATTOCKS,
Plaintiffs,

v.   CASE NO. CIV-15-0002-M

STATE FARM FIRE AND CASUALTY COMPANY and BRIAN SANDLIN,
Defendants.

JURY DEMANDED

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant, State Farm Fire and Casualty Company ("State Farm") hereby files its Notice of Removal ("Notice"). In support hereof, State Farm would respectfully show the Court as follows:

1. On or about December 9, 2014, Plaintiffs Larry and Roxanne Mattocks ("Plaintiffs") filed their Petition ("Complaint") in the matter entitled *Larry Mattocks and Roxanne Mattocks v. State Farm Fire and Casualty Company and Brian Sandlin*, Case No. CJ-14-472, In the District Court of Pottawatomie County, State of Oklahoma. A copy of this Complaint is attached as Exhibit 1 hereto, incorporated herein, and made a part hereof for all purposes.

2. Summonses were issued upon State Farm and Defendant Brian Sandlin ("Sandlin") on or about December 9, 2014. Attached hereto as Exhibit 2 are true and correct copies of the Summonses.

3. Sandlin (who also consents to this removal through the undersigned) has been fraudulently joined in this case because there is evidence that Plaintiffs' jurisdictional allegations are fraudulent and made in bad faith and that Plaintiffs have no possibility of recovery against him.

## NATURE OF THE SUIT

4. All the causes of action in Plaintiffs' lawsuit arise out of a claim they made under their renters insurance policy for alleged damage to their property sustained from a wind/hail storm on or about May 20, 2013. Plaintiffs have brought claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing.

5. Plaintiffs have also brought claims against Sandlin vicariously/jointly/severally for breach of fiduciary duty, negligence in the procurement of insurance, constructive fraud, negligent misrepresentation, and negligence.

## BASIS OF REMOVAL

6. State Farm was and is a corporation organized in Illinois, with its principal place of business in Bloomington, McLean County, Illinois. Defendant Sandlin is a Oklahoma citizen, but has been fraudulently joined in this action in order to defeat diversity

jurisdiction. Upon information and belief, the Plaintiffs are citizens of Pottawatomie County, Oklahoma.

7. This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332 in that (1) the Plaintiffs are Oklahoma citizens; (2) Plaintiffs have fraudulently joined Sandlin, in that the Plaintiffs have a legally insufficient basis for their claims against this non-diverse Defendant, and; (3) the requisite amount in controversy has been satisfied on the face of Plaintiffs' Complaint.

8. Venue is proper because Pottawatomie County is located within the Western District of Oklahoma. 28 U.S.C. § 1441(a).

9. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. As evidentiary support for this allegation, State Farm relies upon Plaintiff's Complaint, in which Plaintiffs state they are seeking damages in excess of $75,000.00 for their causes of action.

10. Defendant State Farm filed its Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b). *See Hornbuckle v. State Farm Lloyds*, 2003 WL 21955864 (N.D. Tex).

**FRAUDULENT JOINDER - STANDARD**

11. A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Defendants can prove

fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If a defendant can show that a non-diverse defendant was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over the case. *See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881–82 (10th Cir.1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir.1964).

12. In this case, Plaintiffs have no possibility of recovery against the non-diverse Defendant and there is evidence that Plaintiffs' jurisdictional allegations are fraudulent and made in bad faith.

13. Plaintiffs' lawsuit is, at most, a breach of contract dispute between State Farm and Plaintiffs over the value of damages to Plaintiffs' property as a result of a storm. To avoid federal court jurisdiction, Plaintiffs attempt to graft extra-contractual claims onto a breach of contract/bad faith dispute and join as a non-diverse defendant – a State Farm insurance sales agent. Plaintiffs' allegations against Sandlin do not provide a basis in law

or fact upon which to assert claims for alleged fraud, failure to procure, etc. His joinder in this lawsuit must be disregarded as sham or improper joinder.

1. **FRAUDULENT JOINDER - BREACH OF FIDUCIARY DUTY**

14. Plaintiffs' claim for breach of fiduciary duty against Sandlin must fail because Oklahoma does not recognize a fiduciary duty by an insurance agent to an insured. *See Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999) ("There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy."); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006); *Smith v. Allstate Vehicle and Property Ins. Co.* 2014 WL 1382488 (W.D. Okla. Apr. 8 2014) (finding fraudulent joinder of agent).

2. **FRAUDULENT JOINDER - CONSTRUCTIVE FRAUD/NEGLIGENT MISREPRESENTATION**

15. Plaintiffs' constructive fraud claim fails because there is no duty to "notify" an insured about the "nature" of the insurance purchased. Oklahoma law is clear that "insurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs". *Rotan v. Farmers Ins. Group of Cos., Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004); *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013) (holding no duty to provide an "adequate amount" of coverage); *Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002) (holding no statutory or common law duty to advise as to amount of insurance); *Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988) (holding

no duty to explain coverage terms to insured). Sandlin has no duty under Oklahoma law to "notify" Plaintiffs about the "nature and character" of their insurance or to provide "appropriate and adequate coverage."

16. There are no allegations, much less supporting facts, in the Complaint that Sandlin failed to obtain insurance for Plaintiffs' property.[1] In fact, Plaintiffs admit they purchased a renters policy with replacement cost coverage from Defendant, and that it was in effect at the time of the loss. See generally Docket No. 1-1 at 2, 7-8. Plaintiffs' failure to identify an existing duty recognized under Oklahoma law that was owed and breached by Sandlin is fatal to their constructive fraud/misrepresentation claims. *Cosper*, 309 P.3d at 149-50.

17. The constructive fraud claim also fails because it rests upon alleged statements regarding the future performance of the policy. Under Oklahoma law, a misrepresentation "must be regarding existing facts and not to future events." *Slover v. Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272, 1282 (N.D. Okla. 2006) (quoting *Hall v. Edge*, 782 P.2d 122, 128 n.4 (Okla. 1989). Even assuming *arguendo* that the alleged statements were made by Sandlin, Plaintiffs cannot reasonably be said to have "relied" on those statements because they received a copy of the Policy and are bound by Oklahoma law to read and know its terms and conditions. *Id.* at 1282-83 (dismissing constructive fraud claim because plaintiffs received a copy of the policy). In short, "[a]n action for fraud may not be predicated on false

---

[1] Plaintiffs' policy is a Renters Policy, and does not provide coverage to the structure.

<05>

statements when the allegedly defrauded party could have ascertained the truth with reasonable diligence." *Bankers Trust Co. v. Brown*, 107 P.3d 609, 614 (Okla. Civ. App. 2004) (quoting *Silver*, 770 P.2d at 881).

18.   Finally, Plaintiffs' fraud claims are deficient under Oklahoma (or federal) pleading rules. The allegations of the Complaint do not, on their face, rise to the level of fraud as required under either the Oklahoma or federal rules of civil procedure. No allegations have been made that give notice: (1) a false, material representation was made; (2) when the representation was made or known to be false; (3) where the representation was made; (4) or, importantly, that the representation was made with the intention that the representation should be acted upon by Plaintiffs. 76 O.S. § 3; *Steiger v. Commerce Acceptance of Oklahoma City, Inc.*, 455 P.2d 81, 86 (Okla. 1969) (all elements of fraud must be present, absence of any one is fatal to claim); *see also* Federal Rule of Civil Procedure 9.

19.   Simply reading the Complaint reveals that the allegations of wrongful conduct contain nothing more than allegations of purported legal theories and conclusions. There are no actual, concrete facts. The allegations were solely made to defeat diversity jurisdiction, and the claims should be dismissed. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist. To the contrary, whether the plaintiff

has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.").

3. **FRAUDULENT JOINDER - NEGLIGENT PROCUREMENT/NEGLIGENT UNDERWRITING**

20. The negligence-based claims against Sandlin also fail because an agent has no duty under Oklahoma law to advise an insured regarding insurance needs, underwriting needs, or to monitor a policy for "appropriate" coverage. Plaintiffs' negligence claims rest upon alleged acts or omissions regarding terms of coverage and/or the amount of coverage. Docket 1-1 at 7-14. As discussed above, Sandlin has no duty to advise Plaintiffs regarding their insurance needs, including the amount of insurance. *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013).

21. Further, the unambiguous terms of the Policy, including the amount of stated coverage, directly contradict the generically alleged negligent oral statements and actions by Sandlin.[2] The Policy clearly sets forth in the provision entitled "Loss Settlement" that Defendant's payment obligations are on an actual cash value basis until the insured repairs or replaces the damaged property and submits a claim for the difference. Exhibit 3 at 10-11. Both federal and state courts in Oklahoma have held that such provisions are enforceable. *See, e.g., Truesdell v. State Farm Fire and Cas. Co.*, 960 F. Supp. 1511 (N.D. Okla. 1997); *Bratcher v. State Farm Fire and Cas. Co.*, 961 P.2d 828 (Okla. 1998)

---

[2] Oral discussions are merged into and superseded by the terms of a written agreement. *Bonner v. Okla. Rock Corp*, 863 P.2d 1176, 1180 (Okla. 1993).

22. Oklahoma law provides that "[a]n applicant for insurance, who accepts a policy the provisions of which are plain, clear, and free from all ambiguity, is chargeable with knowledge of its terms and legal effect." *National Fire Ins. Co. of Hartford v. McCoy*, 239 P.2d 428, 430 (Okla. 1951); *see also Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006). ("It is well established under Oklahoma law that insureds have a duty 'to examine, read, and know the contents of the policy before accepting and paying the premium therefor, and, having failed or neglected to do so [,they are] estopped from denying knowledge of its terms or conditions.'") (quoting *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (Okla. 1902)).

4. **FRAUDULENT JOINDER - STATUTE OF LIMITATIONS**

23. Plaintiffs applied for the policy at issue here in April 2007 and could have rejected, amended, or modified it if it did not meet their expectations. Exhibit 4 (Application). They did none of those things. Rather, Plaintiffs elected to keep the policy, and are therefore deemed to have been on notice of the policy's terms since April 2007.

24. All Plaintiffs' claims against Sandlin are subject to a two-year statute of limitations. 12 O.S. § 95. Thus, all the statute of limitations applicable here would have expired in 2009.

25. State Farm files contemporaneously herewith all pleadings or other documents on file in the State Court matter, including a copy of the Court's docket sheet, attached hereto

as Exhibit 5, with the exception of the Plaintiffs' Complaint attached hereto as Exhibit 1, and the Summons issued upon State Farm and Sandlin are attached hereto as Exhibit 2.

WHEREFORE, PREMISES CONSIDERED, STATE FARM FIRE AND CASUALTY COMPANY, Defendant, pursuant to and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes *Larry Mattocks and Roxanne Mattocks v. State Farm Fire and Casualty Company and Brian Sandlin*, Case No. CJ-14-472, In the District Court of Pottawatomie County, State of Oklahoma, on this, the 31st day of December, 2014.

Respectfully submitted,

By /s/Benjamin G. Kemble
David V. Jones, OBA #19611
Benjamin G. Kemble, OBA #21006
21 E. Main St., Suite 101
Oklahoma City, Oklahoma 73104
Telephone: (405) 601-8713
Facsimile: (405) 232-8330
**ATTORNEYS FOR DEFENDANTS, STATE FARM FIRE AND CASUALTY COMPANY AND BRIAN SANDLIN**

OF COUNSEL:
JONES, ANDREWS & ORTIZ, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of January, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and/or in accordance with the Federal Rules of Civil Procedure:

Mr. Bryan B. Young
Ward & Glass, LLP
1821 E. Imhoff
Norman, OK 73069

/s/Benjamin G. Kemble
Benjamin G. Kemble