IN THE DISTRICT COURT OF POTTAWATOMIE COUNTY
STATE OF OKLAHOMA

LARRY MATTOCKS and ROXANNE )
MATTOCKS, husband and wife )
)
       Plaintiffs, )
)
v. )   Case No. CJ-14-472
)
STATE FARM FIRE AND CASUALTY )
COMPANY, and BRIAN SANDLIN )
)
)
       Defendants. )

**FILED**
IN THE DISTRICT COURT.
DEC - 9 2014
POTTAWATOMIE COUNTY, OK
RETA HEAD, COURT CLERK
BY _____ DEPUTY

## PETITION

    **COMES NOW**, the Plaintiffs, Larry Mattocks and Roxanne Mattocks, husband and wife (hereinafter "Plaintiffs"), for their claims against Defendants, STATE FARM Fire and Casualty Company (hereinafter "STATE FARM"), and Brian Sandlin state as follows:

    1.    Plaintiffs are residents of McLoud, Oklahoma, located in Pottawatomie County, Oklahoma.

    2.    Defendant STATE FARM is a corporation incorporated under the laws of the State of Illinois.

    3.    Defendant BRIAN SANDLIN is an insurance agent residing within the State of Oklahoma.

    4.    Defendant BRIAN SANDLIN owns and operates a STATE FARM agency, in Pottawatomie County. Oklahoma.

    5.    Plaintiffs entered into a contract of insurance with Defendant STATE FARM to provide coverage for their residence, household contents, and personal property. Plaintiffs' insured property is located in Pottawatomie County, Oklahoma.

1


EXHIBIT
1

6.      Plaintiffs purchased their renters policy of insurance through the offices of Defendant BRIAN SANDLIN. At the time Plaintiffs purchased their renters policy with Defendant STATE FARM, Defendant BRIAN SANDLIN was an agent and/or ostensible agent of Defendant STATE FARM.

7.      Plaintiffs relied on Defendant BRIAN SANDLIN's representations and purchased the same. Plaintiffs trusted and believed Defendant BRIAN SANDLIN had the requisite insurance agent skills and expertise to properly procure the insurance coverage Plaintiffs requested.

8.      Thereafter, Defendant STATE FARM issued the STATE FARM Renters policy of insurance (Policy No. 36-EP-9678-6) to the Plaintiffs.

9.      STATE FARM represented to the Plaintiffs, directly and through its agent, Defendant BRIAN SANDLIN, that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiffs relied on said representations.

10.     On or about the 20th day of May 2013, Plaintiffs' property, which was insured by the subject Renters policy of insurance, was severely damaged as the direct result of a catastrophic tornado.

11.     Consequently, Plaintiffs properly and timely submitted a claim to Defendant STATE FARM for the property damage resulting from the May 20, 2013, tornado.

12.     Defendant STATE FARM confirmed Plaintiffs' property had in fact sustained direct physical damage as a result of catastrophic tornado, which occurred on or about the 20th day of May 2013, and that said loss was covered under the terms and conditions of Plaintiffs' Renters policy with STATE FARM.

13.     Subsequently, Defendant STATE FARM paid nothing on Plaintiff's claim.

2

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

14.     Plaintiffs entered into a contract of insurance with Defendant STATE FARM to provide coverage for their personal property.  The Renters Policy with Defendant STATE FARM was in full force and effect at all material times hereto.

15.     Plaintiffs provided proper and timely notice to Defendant STATE FARM of their claims arising from the catastrophic tornado of May 20, 2013.

16.     Plaintiffs have in all material ways, complied with the terms and conditions of the policy.

17.     Defendant STATE FARM, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits to which they are entitled under the terms and conditions of the policy.

18.     As a result of Defendant STATE FARM's breach of contract and other wrongful conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

Plaintiffs adopt and re-plead paragraphs 1 through 18 above, and for their claim against Defendants STATE FARM, further alleges as follows:

19.     STATE FARM owed a duty to Plaintiffs to deal fairly and in good faith.

20.     STATE FARM breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

        a.      failing to pay the full and fair amount for the property damage sustained by

3

Plaintiffs from the May 20, 2013, tornado in accordance with the terms and conditions of their insurance policy;

b.   failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of their renters policy of insurance, thereby unfairly and without valid basis, reducing the fair amount of Plaintiffs' claim;

c.   purposefully, wrongfully and repeatedly withholding pertinent benefits, coverages and other provisions due Plaintiffs under the terms and conditions of their insurance policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16;

d.   purposefully, wrongfully and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim;

e.   forcing Plaintiffs to retain counsel to recover insurance benefits to which they were entitled under the terms and conditions of the insurance contract;

f.   engaging in an outcome oriented investigation of Plaintiffs' claim designed to reduce the amount of money paid to Plaintiffs for their claim; and,

g.   unfairly and unreasonably depreciating Plaintiffs' property in an effort to reduce the amount of money paid to Plaintiffs for their claim.

21.   STATE FARM's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code.   STATE FARM's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

22.   The conduct of STATE FARM, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

23.   As a direct result of STATE FARM's bad faith, Plaintiffs' claim was unnecessarily

4

delayed, inadequately investigated, and wrongly underpaid.  Said actions resulted in additional profits and financial windfall for STATE FARM.

24.    As a result of STATE FARM's conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

25.    STATE FARM's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

26.    Plaintiff further alleges STATE FARM enjoyed increased financial benefits and ill gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiffs.

### THIRD CAUSE OF ACTION
### NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

Plaintiffs adopt and re-plead paragraphs 1 through 26 above, and for their additional claims against Defendants BRIAN SANDLIN and STATE FARM do hereby and further allege as follows:

27.    Defendant BRIAN SANDLIN was familiar with Plaintiffs. Plaintiffs had hired Defendant BRIAN SANDLIN as their primary insurance agent for their renters insurance needs.  In said capacity, Defendant BRIAN SANDLIN, advised Plaintiffs of the need to purchase and maintain the replacement cost coverage so their personal property would be replaced in the event their home was destroyed by a covered loss.

28. Plaintiffs relied on Defendant BRIAN SANDLIN'S representations and annually purchased the suggested coverage paying the higher premiums.

29. Defendant BRIAN SANDLIN procured the subject policy, providing for replacement

cost coverage for Plaintiffs.  At all times relevant hereto, Defendant BRIAN SANDLIN was an agent and/or ostensible agent of Defendant STATE FARM.

30. Defendant BRIAN SANDLIN owed Plaintiffs a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for the Plaintiffs, and in the notification to the Plaintiffs of insurance coverage options.

31. Defendant BRIAN SANDLIN had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions in the coverage procured.

32. Defendant BRIAN SANDLIN breached his duty owed to Plaintiffs and is liable to Plaintiffs because through the fault of Defendant BRIAN SANDLIN, the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss.

33. Defendant BRIAN SANDLIN breached his duty owed to Plaintiffs by:

a. Procuring an insurance policy, which did not serve to actually represent the replacement cost of their personal property when their home was destroyed by a covered loss;

b. Procuring a policy which did not accurately reflect the replacement cost of Plaintiffs' property; and

c. Procuring a policy with an inaccurate Protection Class Designation.

34. Defendant BRIAN SANDLIN had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions.  Defendant BRIAN SANDLIN breached its duty by failing to inform Plaintiffs of the limitations of the policy it had procured for Plaintiffs.

35. Defendant BRIAN SANDLIN was negligent and breached his duty owed to Plaintiffs by failing to monitor and review the policy procured for Plaintiffs to ensure it provided appropriate and accurate coverage for the risk.

36. Plaintiffs assumed the policy of insurance procured and maintained by Defendant BRIAN SANDLIN conformed to their agreement with Defendant BRIAN SANDLIN.

37. Plaintiffs relied on Defendant BRIAN SANDLIN to procure and maintain appropriate and accurate coverage for the risk. Defendant BRIAN SANDLIN knew, or should have known, Plaintiffs relied on its agent to procure appropriate and accurate coverage, and it was foreseeable that the failure to procure appropriate and accurate coverages for Plaintiffs could unnecessarily expose them to significant harm, losses, and damages.

38. Defendant BRIAN SANDLIN is the agent and/or ostensible agent of Defendant STATE FARM, and Defendant STATE FARM is vicariously liable for the conduct of Defendant BRIAN SANDLIN.

39. As a result of Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

40. The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and is sufficiently egregious in nature as to warrant the imposition of punitive damages.

### FOURTH CAUSE OF ACTION
### CONSTRUCTIVE FRAUD AND
### NEGLIGENT MISREPRESENTATION

Plaintiffs adopt and re-plead paragraphs 1 through 40 above, and for their additional claims against Defendants BRIAN SANDLIN and STATE FARM do hereby and further alleges as follows:

41. Defendant BRIAN SANDLIN had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiffs of insurance coverage options.  Defendant BRIAN SANDLIN

this duty by misrepresenting to Plaintiffs as follows:

      a. The insurance coverage procured was sufficient to protect Plaintiffs' property in the event they suffered a catastrophic loss;

      b. The amount of coverage procured, and for which premiums were paid, was equal to the actual cash value of Plaintiffs' property; and,

      c. The amount of coverage procured would provide the coverage necessary for Plaintiffs to replace their personal property in the event their home was totally destroyed by a covered event.

      42. As a result of Defendant BRIAN SANDLIN'S breach of duty, Defendant BRIAN SANDLIN gained an advantage for itself by misleading Plaintiffs, to their prejudice. Defendant BRIAN SANDLIN misrepresented the nature of the insurance policy procured for Plaintiffs; Defendant BRIAN SANDLIN misrepresented the policy as one which would provide appropriate and adequate coverage for Plaintiffs' personal property; and Defendant BRIAN SANDLIN misrepresented the policy as one which would cover to replace Plaintiffs' dwelling and personal property in the event their home was totally destroyed by a covered event.

      43. Defendant INSU BRIAN SANDLIN's misrepresentations constitute constructive fraud.

      44. Plaintiffs were induced to accept and purchase the STATE FARM policy of insurance by Defendant BRIAN SANDLIN's misrepresentations and constructive fraud.

      45. Plaintiffs were misled by Defendant BRIAN SANDLIN's misrepresentations and constructive fraud.

      46. Defendant BRIAN SANDLIN is the agent and/or ostensible agent of Defendant STATE FARM for purposes of these misrepresentations, and as such is vicariously liable for them.

      47. As a result of the Defendants' constructive fraud and misrepresentation, Plaintiffs have sustained financial losses, mental and emotional distress and has been damaged in an amount

in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.  Plaintiffs are further entitled to reformation of the insurance contract to provide coverage consistent with Defendant BRIAN SANDLIN's misrepresentations.

48.    The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and/or was grossly negligent, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

### FIFTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

Plaintiffs adopt and re-plead paragraphs 1 through 48 above, and for their additional claims against Defendants BRIAN SANDLIN and STATE FARM further alleges as follows:

49.    A special relationship akin to that of a fiduciary duty exists between the Defendants and Plaintiffs stemming from the quasi-public nature of insurance, the unequal bargaining power between the Defendants and Plaintiffs, and the potential for Defendants to unscrupulously exert that power at a time when Plaintiffs are most vulnerable.  As a result of this special relationship, the Defendants owed a fiduciary duty to their insureds to act in a manner consistent with the interests of its insured.

50.    A fiduciary relationship existed between Plaintiffs and Defendant BRIAN SANDLIN.  The overmastering influence of Defendant BRIAN SANDLIN over Plaintiffs, and Plaintiffs' dependency and trust in their insurance agent, Defendant BRIAN SANDLIN, which was justifiable given the relationship between them, and Defendant BRIAN SANDLIN's assurance it could procure the insurance policy Plaintiffs requested, creates a fiduciary status with respect to Defendant BRIAN SANDLIN as it relates to Plaintiffs.  Defendant BRIAN SANDLIN's duty to act reasonably given the specialized knowledge it possessed of the terms and conditions of insurance policies created such a special relationship as to make Defendant BRIAN SANDLIN a fiduciary.

51.     The Defendants breached their fiduciary duties owed to the Plaintiffs.

52.     As a result of the Defendants' breach of fiduciary duties, Plaintiffs have sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

53.     The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
## NEGLIGENCE

54.     Plaintiffs adopt and re-plead paragraphs 1 through 53 above, and for their additional claims against Defendants agent and STATE FARM do hereby and further allege as follows:

55.     The Defendants owed a duty to Plaintiffs to exercise good faith, reasonable care, skill and expertise to ensure the insurance policy accurately reflects the risks insured.

56.     At the time the policy was sold, and at each renewal, Defendants were obligated to utilize reasonable valuation methodology to determine the costs, which Defendants considered necessary to cover the replacement costs of Plaintiffs' personal property.  Defendants were then prohibited from writing more insurance than they considered necessary to cover the replacement cost of Plaintiffs' personal property as determined at the time the subject policy was written.

57.     Defendants negligently breached their duties to Plaintiffs to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiffs' personal property.

58.     Defendants' breach resulted in both inconsistent and inaccurate replacement cost valuations resulting in Plaintiffs having policy limits, which did not accurately reflect the risks insured.

59.    The conduct and inconsistencies referenced herein also violate Defendant STATE FARMs duties of good faith dealing implicit in the contract of insurance with Plaintiffs.

60.    Defendant STATE FARM's duties and obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code.  Defendant STATE FARM's negligence in failing to implement and/or follow Oklahoma's statutory Insurance Code also constitutes bad faith.  Defendant STATE FARM's conduct referenced herein constitutes both negligence and a breach of this duty of god faith dealing.

61.    Defendant STATE FARM's negligent failure to utilize a consistent methodology to accurately establish and reflect the risks insured, morally and legally requires it be held to a duty of reasonable care, and that the burden of the resulting liability for the breach of this duty be imposed upon STATE FARM.  This duty exists due to the foreseeability of the harm to Plaintiffs which could occur as a result of this negligence in failing to establish a consistent methodology for calculating the replacement cost of Plaintiffs' personal property; this negligence of inconsistent and inaccurate replacement cost valuations is the direct cause of the harm and injury suffered by Plaintiffs; and the moral blame for the negligent failure issue the correct policy lies with the Defendant STATE FARM.  Further, the burden on the Defendant STATE FARM of imposing a duty to exercise care in establishing a consistent and accurate methodology for replacement cost valuations for the needs of the insured (with resulting liability for breach) is minimal, given the expertise of Defendant STATE FARM, and its representations that it is an expert in the field of providing insurance coverage to the general public, such as Plaintiffs.

62.    Plaintiffs relied both on the representations of Defendant BRIAN SANDLIN and the notoriety of Defendant STATE FARM that they utilized a consistent and accurate methodology for replacement cost valuations to ensure the insurance policy provided the coverage that was promised

to them by Defendants.

63.     The Defendants negligently breached their duty owed to Plaintiffs by failing to utilize and implement a consistent and accurate methodology for replacement cost valuations which resulted in issuing and/or renewing a policy of insurance to/for Plaintiffs that was not commensurate with the risks for which the policy issue.  Defendant BRIAN SANDLIN was an agent, employee and/ or ostensible agent of Defendant STATE FARM, and Defendant STATE FARM is vicariously liable for Defendant BRIAN SANDLIN's negligent breach of duty.

64.     As a result of the Defendants' negligent conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

65.     The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and/or was grossly negligent, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** premises considered, Plaintiffs pray for judgment in their favor and against Defendants, STATE FARM, and BRIAN SANDLIN, for:

a)     Payment for all contractual benefits for all coverages afforded to Plaintiffs under the subject renters policy of insurance for damage to their personal property caused by the May 20, 2013, tornado, with interest on all amounts due;

b)     Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c)     Disgorgement of the increased financial benefits derived by any and/or all of the Defendants as a direct result of the Defendants' wrongful conduct;

d)      Actual and punitive damages each in an amount in excess of $75,000.00; and,

e)      Prejudgment interests, costs and attorneys' fees.


Respectfully submitted,


Bryan B. Young, OBA# 31434
WARD & GLASS, L.L.P
Attorney's for Plaintiffs
1821 E. Imhoff
Norman, Oklahoma 73069
405-360-9700
**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**