# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY MATTOCKS and ROXANNE MATTOCKS, husband and wife,　Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and BRIAN SANDLIN,　Defendants. | Case No. CIV-15-2-M |

## ORDER

Before the Court is plaintiffs' Motion to Remand, filed January 28, 2015. On February 13, 2015, defendant State Farm Fire and Casualty Company ("State Farm") filed its response. Based upon the parties' submissions, the Court makes its determination.

The instant action arises out of a claim plaintiffs made under their renters insurance policy for alleged damage to their property sustained from a wind/hail storm on or about May 20, 2013. On December 9, 2014, plaintiffs filed this action in the District Court of Pottawatomie County, State of Oklahoma, alleging claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing and claims against Brian Sandlin ("Sandlin"), an agent for State Farm, for breach of fiduciary duty, negligence in the procurement of insurance, constructive fraud, negligent misrepresentation, and negligence.

On January 2, 2015, State Farm removed this action to this Court, asserting that this Court has diversity jurisdiction because Sandlin has been fraudulently joined in this case in order to defeat federal diversity jurisdiction. Plaintiffs contend that Sandlin is not fraudulently joined and, therefore, complete diversity of the parties does not exist. Plaintiffs, thus, move this Court to remand this action to state court.

Removal statutes are strictly construed and all doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). When a non-diverse party has been joined as a defendant, then in the absence of a federal question, the removing defendant may avoid remand only by demonstrating fraudulent joinder. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The party asserting fraudulent joinder carries a heavy burden in making this showing. *Batoff*, 977 F.2d at 851; *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (unpublished opinion).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (internal quotations and citations omitted). If there is even a possibility that a state court would find the complaint states a cause of action against the non-diverse defendant, the federal court must find joinder was proper and remand the case to state court. *Batoff*, 977 F.2d at 851; *Montano*, 2000 WL 525592, at *1. In determining fraudulent joinder claims, the court must resolve all disputed questions of fact and any uncertainties as to the current state of controlling substantive law in favor of the non-removing party. *Batoff*, 977 F.2d at 852; *Montano*, 2000 WL 525592, at *1.

In the instant action, plaintiff alleges a claim against Sandlin for negligence in the procurement of insurance. Generally, under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Co.*, 979 P.2d 266, 269 (Okla. Civ. App. 2009) (citations omitted).

In their Petition, plaintiffs allege that through the fault of Sandlin, the insurance requested by plaintiffs was not procured as promised and plaintiffs suffered a loss. *See* Petition at ¶ 32. Additionally, plaintiffs allege:

> Defendant BRIAN SANDLIN breached his duty owed to Plaintiffs by:
> a. Procuring an insurance policy, which did not serve to actually represent the replacement cost of their personal property when their home was destroyed by a covered loss;
> b. Procuring a policy which did not accurately reflect the replacement cost of Plaintiffs' property; and
> c. Procuring a policy with an inaccurate Protection Class Designation.

Petition at ¶ 33.

Having carefully reviewed the parties' submissions and the Petition, the Court finds that there is a possibility that an Oklahoma court would find plaintiffs' Petition states a cause of action for negligence in the procurement of insurance against Sandlin. Specifically, the Court finds that there is a reasonable basis in fact and a colorable ground supporting plaintiffs' negligence in the procurement of insurance claim against Sandlin. Because this Court must resolve all disputed questions of fact in favor of plaintiffs, the Court finds that there is a possibility that plaintiffs could establish that Sandlin agreed to procure specific insurance coverage and then failed to do so.

State Farm further contends there is fraudulent joinder because plaintiffs' claims are barred by the statute of limitations. Having carefully reviewed the parties' submissions, the Court finds that there is a possibility that an Oklahoma court would find that plaintiffs' claims are not barred by the statute of limitations. Based upon the record before the Court, and construing all disputes of facts and resolving any ambiguity in law in plaintiffs' favor, the Court finds that State Farm has

failed to meet its heavy burden of showing that there is no possibility that plaintiffs' claims are not barred by the statute of limitations.

Accordingly, because this Court finds that there is a possibility that plaintiffs could establish a negligence in the procurement of insurance claim against Sandlin and that there is a possibility that this claim is not barred by the statute of limitations, the Court finds that Sandlin is not fraudulently joined. Therefore, the Court GRANTS plaintiffs' Motion to Remand [docket no. 17] and REMANDS this action to the District Court of Pottawatomie County, State of Oklahoma.

**IT IS SO ORDERED this 13th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE